UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEONARD GOLD                                              :   Civil No. 10-5983 (NLH)
          Plaintiff                          :   Judge Noel L. Hillman
   v.                                                        :
                                            :   Arbitration: Yes _X_ No __
GENESIS HEALTHCARE, LLC. et al              :
          Defendant                          :   Jury: Yes _X_ No __
                                            :
                                            :   ORDER FOR SCHEDULING
-----------------------------------------------------------------       CONFERENCE

TO: All Counsel

    IT IS on this 29th Day of December, 2010 ORDERED THAT:

    (1) A Scheduling Conference shall be conducted before the undersigned on February 1, 2011 at 9:30 am in room 2010 of the Mitchell H. Cohen Federal Building & U.S. Courthouse, Camden, New Jersey. See Fed. R. Civ. P. 16 and Local Civil Rule 16.1. The purpose of the conference is to focus counsel's attention on the issues actually in dispute and arrive at a schedule to manage discovery. The Court strives in all cases for a just, speedy and inexpensive determination of every action. Fed. R. Civ. P. 1. COUNSEL MUST BE PREPARED TO COMPLETE ALL DISCOVERY AND BE READY FOR TRIAL WITHIN SIX (6) TO EIGHT (8) MONTHS OF THE SCHEDULING CONFERENCE IN MOST CASES. The Scheduling Order will reflect these goals.

    (2) Counsel are advised that the early disclosure requirements of Fed. R. Civ. P. 26 (a)(1) will be strictly enforced. Therefore, counsel shall immediately exchange the following information that may be used by a party to support a claim or defense:

- contested facts,
- identities of individuals likely to have knowledge of discoverable facts,

- documents and things in the possession of counsel or the party, including all records of treatment by health care professionals, if a personal injury is claimed,

- insurance agreements in force, and

- statement of the basis for any damages claimed.

- 
COUNSEL SHOULD NOT FILE ANY OF THE AFOREMENTIONED WITH THE COURT.

(3)  At least twenty-one (21) days prior to the conference scheduled herein, counsel shall confer pursuant to Fed. R. Civ. P. 26 (f), and shall submit a Joint Discovery Plan to the undersigned not later than 24 hours prior to the conference with the Court.  The Joint Discovery Plan shall include a brief summary of the facts of the case, the status of settlement negotiations and shall address the parties' views and proposals concerning discovery as set forth in Local Civil Rule 26.1 (b)(2).  Prior to the Rule 26 (f) conference, counsel shall also comply with Local Civil Rule 26.1 (d) concerning discovery of digital information. The form to be used for the Joint Discovery Plan is attached and can also be retrieved from:

**http://www.njd.uscourts.gov/forms/R16DiscoveryPlanCamONLY.pdf**

(4)  Counsel are further advised that unless the parties stipulate otherwise, and the Court concurs, the Rules limit the number of interrogatories (25) and depositions (10) which each party may seek.  See Rules 26 (b), (d).  Fed. R. Civ. P. 30 (d) (2) limits depositions to one day of seven hours.  The Court may also regulate the conduct of depositions.  See Hall v. Clifton Precision, 150 F.R.D. 525 (E.D. PA. 1993); Fed. R. Civ. P. 30(d) (1).

(5)  At the conference with the Court, all parties who are not appearing pro se shall be represented by counsel who shall be familiar with the file and shall have full authority to bind their clients in all pre-trial matters.  Counsel shall also be prepared to discuss settlement. Clients or persons with authority over the matter shall be available by telephone.  See Local

Civil Rule 16.1 (a) (4);

(6)  Counsel shall consult with their clients before the conference and be prepared to advise the Magistrate Judge whether the parties consent to trial before the Magistrate Judge. Local Civil Rule 73.1 (a).

(7)  Counsel shall discuss with clients the Court's mediation program.  L.Civ.R. 301.1 (see attached notice).  The Court will discuss mediation and other options at the Initial Scheduling Conference.

(8)  Counsel for plaintiff(s) shall notify any party who hereafter enters an appearance, of the above conference and forward to that party a copy hereof, together with a copy of any Scheduling Order entered as a result of this conference.

(9)  The parties shall advise the District Judge and Magistrate Judge immediately if this matter has been settled or terminated so that the above conference may be cancelled;  and

(10)  Failure to comply with the terms hereof may result in the imposition of sanctions.

(11)  Counsel are further advised that communications to the Court by FAX will be accepted.  All communications to the Court shall be in writing or by telephone conference with prior approval.

                                          s/Ann Marie Donio
                                          United States Magistrate Judge

Orig. Clerk
cc: Magistrate Judge
    All Counsel

ALTERNATIVE DISPUTE RESOLUTION IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Mediation is the Alternative Dispute Resolution ("ADR") program in this Court. Mediation is governed by Local Civil Rule 301.1. The mediation program under this rule is supervised by a judicial officer (at present United States Magistrate Judge Madeline Cox-Arleo) who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation. This may be done without the consent of the parties. However, the Court encourages parties to confer among themselves and consent to mediation. Moreover, you are reminded that, when counsel confer pursuant to Rule 26 (f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that must be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time. However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial. Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26 (a) (1) of the Federal Rules of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental. The role of the mediator is to assist the parties in reaching a resolution of their dispute. The parties may confer with the mediator on an ex parte basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to

another party or to others without the party's consent.  The mediator's hourly rate is $300.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, which are available on the Court's Web Site, www.njd.uscourts.gov and appear as Appendix Q to the Local Civil Rules.  You may also make inquiries of the judicial officer responsible for supervision of the program.

Civil actions in which there are pro se parties (incarcerated or not) are not eligible for mediation.

DNJ-Med-001 (05-08)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
                              :    Civil Action No.
                              :
         Plaintiff(s)         :    Hon.
                              :
                              :
     v.                       :    **JOINT PROPOSED DISCOVERY PLAN**[1]
                              :
                              :
                              :
         Defendant(s)         :
                              :
_____:

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

3. Have settlement discussions taken place? Yes _____ No _____

    (a) What was plaintiff's last demand?

        (1) Monetary demand: $ _____
        (2) Non-monetary demand: _____

    (b) What was defendant's last offer?

        (1) Monetary offer:  $ _____
        (2) Non-monetary offer: _____

4. The parties [have _____ have not _____] met pursuant to <u>Fed. R. Civ. P. 26(f)</u>:

---

[1] **A copy of this form can be located at:**
http://www.njd.uscourts.gov/forms/R16DiscoveryPlanCamONLY.pdf

1

5. The parties [have _____ have not _____ ] exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1)

7. The parties [have _____ have not _____] conducted discovery other than the above disclosures.  If so, describe.

8. Proposed joint discovery plan:

    (a) Discovery is needed on the following subjects:

    (b) Discovery [should _____ should not _____] be conducted in phases or be limited to particular issues.  Explain.

    (c) Proposed schedule:

    (1) Fed. R. Civ. P. 26 Disclosures _____ .

    (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) _____ .

    (3) Service of initial written discovery _____ .

    (4) Maximum of \_\_\_\_\_ Interrogatories by each party to each other party.

    (5) Maximum of \_\_\_\_\_ depositions to be taken by each party.

    (6) Motions to amend or to add parties to be filed by _____ .

    (7) Factual discovery to be completed by _____ .

    (8) Plaintiff's expert report due on _____ .

    (9) Defendant's expert report due on _____ .

    (10) Expert depositions to be completed by _____ .

    (11) Dispositive motions to be served within _____ days of completion of discovery.

    (d) Set forth any special discovery mechanism or procedure requested.

    (e) A pretrial conference may take place on _____ .

      (f)     Trial date: _____ (_____Jury Trial; _____ Non-Jury Trial).

9. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?  Yes _____No_____. If so, please explain.

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? Yes _____ No _____.

    If so, how will electronic discovery or data be disclosed or produced?  Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate any discovery problem(s) not listed above? Yes _____ No _____.

12. State whether this case is appropriate for voluntary arbitration (pursuant to <u>Local Civil Rule</u> 201.1 or otherwise) or mediation (pursuant to <u>Local Civil Rule</u> 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (<u>i.e.</u>, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

13. Is this case appropriate for bifurcation? Yes _____ No _____

14. An interim status/settlement conference (with clients in attendance), should be held in

    _____.

15. We [do _____ do not _____] consent to the trial being conducted by a Magistrate Judge.

16. Identify any other issues to address at the Rule 16 Scheduling Conference.

 

                                                                                   _____
                                                                                    Attorney(s) for Plaintiff(s)

                                                                                    _____
                                                                                    Attorney(s) for Defendant(s)